Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
2013 MAY 16 PM 2: 43
CLERK OF COURT

THE PEOPLE OF GUAM,

    vs.

RAYMOND SIGUENZA MANSAPIT,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM1264-11

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on December 20, 2012. Attorney Suresh Sampath appeared representing Defendant, who was present. Assistant Attorney General Gabrielle Rossi appeared on behalf of the Government. Having reviewed the pleadings, the record and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant Raymond Siguenza Mansapit (hereinafter "Defendant") is accused of driving while under the influence, driving while under the influence (B.A.C.) and reckless driving. The Police pulled Defendant's vehicle over after a tip was received identifying Defendant. Defendant argues that the Police illegally stopped his vehicle without reasonable suspicion.[1] Defendant requests suppression as the proper remedy. The issue to be decided by this Court is whether Defendant's rights defined under *Terry v. Ohio*, 392 U.S. 1 (1968) were violated in the reliance on a tip to actuate a traffic stop against Defendant?

---

[1] Defendant orally removed the portion of his Motion to Suppress based on the 15 Minute Rule at the December 20, 2012 hearing.

# DISCUSSION

## I.   Traffic Stop of the Defendant's Vehicle

Defendant argues that the traffic stop of his vehicle constituted a violation of the reasonable suspicion requirement announced by the United States Supreme Court in *Terry*. Defendant claims that the tip relied on by the Police was inadequate to establish reasonable suspicion.

The Government contends that the tip was corroborated and supported by additional evidence. The Government argues that tips involving weapons require less reliability and that Defendant was part of an ongoing disturbance that warranted the stopping of his vehicle.

The Court has reviewed the Guam Police Department audio disc to ascertain the merits of the tip leading to the traffic stop. First, the Court will decide whether the ongoing disturbance argument satisfies the reasonable suspicion requirement. At some point before the traffic stop occurred, as the GPD audio disc reveals, the Police were told that the tipster's vehicle was following the Defendant's vehicle on the roads of Guam.[2] The Police could easily have stopped both vehicles simply to ensure that the chase like situation ended in their duty to ensure public safety.

Furthermore, reasonable suspicion is defined to mean a combination of "specific and articulable facts which, if taken together with rational inferences from those facts" reasonably suggest that criminal activity has occurred or is about to occur. *Terry* at 21. Here, the Court finds that regardless of any additional information provided by the tip, the Court concludes that the Police had ample support to stop both vehicles to ensure that the tipster no longer followed Defendant in his vehicle. The information that two vehicles were following each other is a

---

[2]   The tipster told the Police that he was following the suspect's vehicle which created reasonable suspicion of an ongoing disturbance. *See* GPD Audio Disc from December 18, 2011.

specific and articulable fact that reasonably suggests criminal activity. At minimum, a traffic violation was occurring or imminent. Thus, reasonable suspicion was present upon additional information from the tipster and corroboration occurred once the vehicles were located and still following each other.

The concept that an ongoing disturbance was occurring goes to the peace keeping function of the Guam Police Department. The Court would be remiss to make a ruling that prevents Police from acting upon information that is likely to resolve unknown disturbances. Here, an actor who was involved in the disturbance was the one providing the tip and there is inherent reliability that the tipster is providing truthful information. *See* GPD Audio Disc from December 18, 2011. Thus, the Court now concludes that reasonable suspicion was present to conduct a traffic stop of Defendant's vehicle simply on the grounds that Defendant was part of an ongoing disturbance involving the informing tipster.

Next, the Court reviews the alleged possession of weapons. While the Court will not address the assertion that tips involving weapons require less reliability, the Court concludes that the tip was vague as it applied to the weapons assertion.[3] Upon reviewing the GPD audio disc, the Court concludes that there was simply zero assertion of criminal activity. *See* GPD Audio Disc from December 18, 2011. The Court agrees with Defendant that if the discussion was limited to the sole assertion that a suspect had weapons, then reasonable suspicion would be lacking. *Florida v. J.L.*, 529 U.S. 266, 271 (2000). The Court does view a scenario that if a string of gas station robberies occurred on Guam, then the initial portion of the tip in this case would provide reasonable suspicion. However, the only information the tipster provided

---

[3] The Court will not address the assertion that *People v. Johnson*, 1997 Guam 9 reduces the reliability required from a tip regarding the possession of weapons. The Court finds that the initial portion of the tip provided zero assertion of current or future criminal activity and thus, there is no need to discuss whether or not this portion of the tip was reliable.

initially asserted no potential criminal activity. It is still not a crime or potential crime for someone to possess most knives and some fire arms. Thus, the Defendant is correct that without more, the Police could not have conducted a stop of Defendant simply from the vague assertion that he had weapons. Yet, that is not the case here as the Police had other information that warranted a traffic stop of Defendant's vehicle.

Finally, the Court looks at the totality of the circumstances and whether reasonable suspicion was present before the traffic stop was initiated on Defendant's vehicle. There may not have been reasonable suspicion at the initial tip regarding weapons. Yet, the moment the Police became aware that two civilians were in a vehicle pursuit and that pursuit was ongoing, reasonable suspicion and the duty to keep peace warranted the traffic stop of Defendant's vehicle. The Police stopped both vehicles and it is clear that the desire was to end whatever disturbance was ongoing. Knowing the exact details of the disturbance is nowhere required under the law.

## II.    Remedy

Defendant argues that suppression is the proper remedy for a traffic stop performed without the requisite reasonable suspicion. The Government replies that even if there was an illegal detainment of Defendant, that illegality is not a basis for a blanket suppression of evidence.

The Court agrees with the Government on this issue. If suppression was warranted in this case, which it is not based on the Court's finding of reasonable suspicion, a limited suppression would be the only remedy and not a total suppression of all evidence leading up to the arrest of Defendant. The Court will not address what suppression would occur in the event Defendant's detainment was improper as those facts are not before the Court. From the

development of reasonable suspicion to conduct a traffic stop of Defendant's vehicle, Police were lawfully in a position to observe signs of DWI.   The Police acted properly in this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Suppress.  Parties will return for a Criminal Trial Setting on January 28, 2013 at 9:00a.m..

So **ORDERED** this 16th day of January, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the Original hereto was placed in the court box of:

_____

_____

Date:_____Time:_____

_____
Deputy Clerk, Superior Court of Guam

/      /

/      /

/      /

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JAN 16 2013

Therese M. Blas
Deputy Clerk, Superior Court of Guam